UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA – INDIANAPOLIS DIVISION

| | |
|---|---|
| **ELIZABETH ANTHONY,** | Case No. 1:16-cv-1715 |
| Plaintiff, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| **UNITED RECOVERY SYSTEMS LP.,** | |
| Defendant. | |

Plaintiff, ELIZABETH ANTHONY ("Plaintiff"), through her attorneys, alleges the following against Defendant, UNITED RECOVERY SYSTEMS, ("Defendant"):

## NATURE OF THE CASE

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of UNITED RECOVERY SYSTEMS LP., ("Defendant"), in negligently, knowingly, and/or willfully communicating with Plaintiff in connection with the collection of alleged debts in violation of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq*. ("FDCPA").

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under *15 U.S.C. §1692k (d)*.

3. Venue is proper in the United States District Court for the Southern District of Indiana because Defendant does business within the state of Indiana.

4. Further, Plaintiff resides in Columbus, Indiana.

## PARTIES

5. Plaintiff, ELIZABETH ANTHONY ("Plaintiff"), is a natural person residing in Indiana and is a "consumer" as defined by the FDCPA, *15 U.S.C. §1692a(3)*.

6. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Texas.

7. At all relevant times herein, Defendant, UNITED RECOVERY SYSTEMS LP. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *15 U.S.C. §1692a(5)*. Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, *15 U.S.C. §1692a(6)*.

## FACTUAL ALLEGATIONS

8. Within the last year, Defendant, in its attempt to collect the alleged debt owed by Plaintiff, began placing numerous collection calls to Plaintiff's personal cellular telephone ending in 3327, and to Plaintiff's place of employment at least one to three times per day.

9. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephones to ring repeatedly and continuously to annoy Plaintiff, calling multiple times per day since December 2015.

10. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

11. Within one year prior to the filing of this action, on March 8, 2016, Defendant communicated with Plaintiff's Brother in connection with the collection of a debt without Plaintiff's prior consent.

12. Defendant deceptively stated that Plaintiff identified her brother as a reference on her credit card application that when in fact Plaintiff had not done so.

13. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

## FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S. Code § 1692c(b) by communicating with a person other than the consumer in connection with the collection of a debt

(b) Defendant violated 15 U.S. Code § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(c) Defendant violated 15 U.S. Code § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

without the prior consent of the consumer being given directly to the debt collector.

(d)     Defendant violated 15 U.S. Code § 1692e(10) by using a false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

14.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

Dated: June 29, 2016          RESPECTFULLY SUBMITTED,

           _s/ Scott E. Racop_
           Scott E. Racop
           RACOP LAW OFFICES, P.C.
           3031 Poplar Street
           Terre Haute, Indiana 47803
           Telephone:  812/238-0440
           Email: racoplaw@aol.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, ELIZABETH ANTHONY, hereby demands a trial by jury in the present action.